<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4776**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MAURLIN ANTONIO FLOWERS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00111-CCE-1)

Submitted: March 26, 2013        Decided: April 2, 2013

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurlin Antonio Flowers pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Flowers to thirty-seven months' imprisonment. On appeal, Flowers asserts that his sentence is unreasonable because the district court declined to grant a downward variance. We affirm.

We review Flowers's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we

2

apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Flowers alleges that the district court erred in failing to grant a downward variance. We conclude, however, that Flowers' sentence is both procedurally and substantively reasonable. Flowers does not assert any specific procedural error, and our review of the record confirms that the district court properly considered the § 3553(a) factors, provided a detailed individualized assessment, responded to defense counsel's argument for a below-Guidelines sentence, and clearly explained the imposed sentence. Furthermore, our review of the record leads us to conclude that Flowers has not overcome the presumption of reasonableness applicable to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3